## Charles H. Woods, Appellee, v. Great American Insurance Company, Appellant.

### Gen. No. 8,575.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

MILLER & MILLER and HICKS & FOLONIE, for appellant.

W. A. COVEY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellee recovered a judgment against appellant for $170 in an action on an insurance policy to recover damages to his radio receiving set caused by lightning striking the antenna or aerial and the electrical current therefrom entering the receiving set and damaging the electrical parts thereof to the amount of $160 and the cabinet to the amount of $10. There was no damage by fire.

The policy of insurance covered all direct loss or damage by fire and *lightning* to the extent of $1,200 on certain personal property located in the residence of appellee described as follows:

"$1,200 on household and kitchen furniture and utensils, useful and ornamental (the property of assured and all members of assured's family), including carpets, rugs, draperies, curtains, beds, bedding, linen, family wearing apparel and materials for same; plate and plated ware; printed books and music; piano stool and cover; piano and other musical instruments; mirrors, portraits, pictures, paintings, engravings, including their frames, statuary and sculpture, all at not exceeding cost; watches and jewelry and bicycles in use, baby carriages, amateur photographic outfit and supplies; fishing tackle, firearms, athletic and sporting implements; mechanics', carpenter and garden tools and implements; typewriters, sewing machines, trunks, traveling equipments, canes and umbrellas; lamps,

china, glass and crockery ware; fuel, family stores and supplies; *electrical apparatus, appliances and devices;* scientific apparatus, appliances, devices and implements; and all other furniture and fixtures not belonging to and constituting a permanent part of the building; all only while, contained in, or attached to, the above described building; also, if not otherwise insured, porch and lawn furniture, bicycles in use, trunks (excluding contents of same), tools, fuel and supplies, while stored in outbuildings on the above described premises. . . ."

The policy also contained the following clauses:

"LIGHTNING AND ELECTRICAL EXEMPTION
OR DYNAMO CLAUSES.

"Lightning Clause: Except as provided in the Electrical Exemption or Dynamo Clause below this policy shall cover any direct loss or damage caused by lightning (meaning thereby the commonly accepted use of the term lightning, and in no case to include loss or damage by cyclone, tornado or windstorm), not exceeding the sum insured, nor the interest of the insured in the property, and subject in all other respects to the terms and conditions of this policy. Provided, however, if there shall be any other insurance on said property, this company shall be liable pro rata with such other insurance for any direct loss by lightning, whether such other insurance be against direct loss by lightning or not.

"Electrical Exemption or Dynamo Clause: If dynamos, exciters, lamps, motors, switches or other electrical appliances or devices are covered under this policy, this company shall not be liable for any electrical injury or disturbance, whether from artificial or natural causes, unless fire ensues, and then only for such loss or damage to them as may be caused by such ensuing fire; this limitation to be operative notwith-

standing any provision to the contrary in the lightning clause attached.''

It will thus be seen that the policy covers, in the first clause above quoted, all direct loss or damage by fire and lightning, of electrical apparatus, appliances and devices except as thereinafter provided, and the question is, whether the ''Electrical Exemption or Dynamo Clause'' includes under the doctrine *ejusdem generis* radio receiving sets which are operated by an electrical current procured from the electric light wires in the house by attachment thereto. All radio receiving sets are operated by electricity either produced by self-contained batteries or by direct attachment to a current supplied by other sources. Under the familiar rules of construction of the doctrine of *ejusdem generis* the words ''or other electrical appliances or devices'' being general words which follow the particular words ''dynamos, exciters, lamps, motors, switches'' can mean only things of the same kind or class as those which are particularly mentioned. *Gage v. Cameron*, 212 Ill. 146. General and specific words, which are capable of an analogous meaning, being associated together, take color from each other, so that the general words are restricted to a sense analogous to the less general. *Misch v. Russell*, 136 Ill. 22; *First Nat. Bank of Joliet v. Adam*, 138 Ill. 483. It is a matter of common knowledge that a radio receiving set operated by electricity has no characteristics of dynamos, exciters, lamps, motors or switches as those terms are used in this clause.

In our opinion the radio receiving set of appellee was not excluded by the Dynamo Exemption Clause above noted. The judgment of the county court is affirmed.

*Affirmed.*